**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-22-38-SLP |
| | ) | |
| BRIAN KENDALL SMITH, III, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

The United States Probation Office previously filed a Preliminary Report [Doc. No. 45] advising the Court that Defendant is eligible for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). Before the Court is Defendant's Motion for Reduction of Sentence [Doc. No. 52] and Supplement [Doc. No. 54]. The Government has filed Responses [Doc. Nos. 50 and 53] and concedes Defendant's eligibility, but opposes any reduction of Defendant's sentence. For the reasons that follow, the Court DENIES Defendant's Motion but GRANTS Defendant's request to formally document the change in his criminal history points as a result of Amendment 821.

I.     **Background**

On July 28, 2022, the Court sentenced Defendant to 120 months imprisonment for felon in possession of a firearm. *See* Doc. No. 38. At sentencing, the Court adopted the final presentence investigation report (PSR) [Doc. No. 30], without change, which reflected a total offense level of 30, a total criminal history score of five, a criminal history category

of III, and recommended guideline sentencing range of 121 to 151 months.  Doc. No. 30, 38.  However, the statutorily authorized maximum sentence is ten years and, therefore, the guideline term of imprisonment was capped at 120 months.  *Id.*

Consistent with the Preliminary Report, the parties agree that Defendant is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821.  Defendant's eligibility is based on Part A of Amendment 821 which limits the criminal history impact of "status points" under U.S.S.G. § 4A1.1  Where, as here, a defendant has six or fewer criminal history points, Amendment 821 eliminates such status points.  With the elimination of Defendant's status points, his resulting criminal history score is three, his category is reduced from III to II, and his guideline range is lowered to 108-120 months, rather than 121 to 151 months.

Defendant argues that a reduction of his sentence to 108 months would "preserve the Court's original sentencing judgment while aligning the sentence with the amended guideline floor."  Doc. No. 52 at 9.  Defendant further requests that even if the Court finds a sentence reduction is not warranted, the Court include the criminal-history-point reduction in its order.  The Government opposes any sentence reduction.

## II.    Discussion

A two-step inquiry governs whether a defendant's sentence may be reduced.  *United States v. Green,* 886 F.3d 1300, 1306 (10th Cir. 2018).  First, the Court must consider whether a defendant is eligible for a sentence reduction.  *Id.*  Second, the Court must consider whether a sentence reduction is warranted in accordance with the factors set forth in 18 U.S.C. § 3553(a).  *Id.*  As set forth, the parties agree that Defendant is eligible for a

sentence reduction and the Court's independent review of the record confirms the same. Accordingly, the Court focuses on the second step of the inquiry, which involves a matter of the Court's discretion. *Id*.; *see also United States v. McDonald*, No. 24-7038, 2025 WL 1140251 at *2 (10th Cir. April 15, 2025) ("[T]he decision whether or not to reduce a sentence based on the particular facts of a case lies within the district court's discretion" and "review of the reasonableness of a district court's chosen sentence is highly deferential[.]").

Defendant relies on the following § 3553(a) factors to support a further reduction: (1) the goals of sentencing as embodied in 18 U.S.C. § 3553(a); (2) public safety; and (3) post-sentencing conduct. *See* Doc. No. 52 at 4. Defendant argues that the goals of sentencing are met focusing on the fact of his young age at the time of the offense and his traumatic childhood. Defendant further points to his "exemplary institutional record," successful completion of "numerous rehabilitative programs," and his institutional job assignments including his "notable responsibility" as an 'inmate companion' in the suicide-prevention program." *Id*. at 5-6; *see also* Doc. No. 54 at 1 (addressing fact that Defendant has done "exceptionally well in BOP custody" and has been "selected for a work assignment at FMC Forth Worth."). Further, Defendant addresses his "strong family support system." Doc. No. 52 at 6.

Defendant argues that public safety would not be undermined by a sentence reduction because he will continue to serve a significant term of imprisonment and his post-sentencing conduct has demonstrated his rehabilitation. Defendant underscores that a reduced sentence would render him eligible for placement closer to home and would

3

promote "family stability and successful reintegration." *Id*. at 7.

Although the Court finds Defendant is eligible for a sentence reduction pursuant to Amendment 821, upon consideration of the § 3553(a) factors, the Court declines to reduce Defendant's sentence.  The nature and circumstances of the offense counsel against any such relief.  The Defendant's conduct is part of a pattern and practice of dangerousness and violence.  As the Government argues, "[i]n the instant offense, on three separate occasions, the defendant was found in possession of firearms, ammunition, and controlled substances" and in the most egregious of those incidents, "he brandished a gun at his mother, brother, girlfriend, and their baby."  Doc. No. 53 at 11.  Defendant also has a significant criminal history to include the discharge of firearms in public while intoxicated or in possession of controlled substances.  Thus, while Defendant is to certainly be commended for his rehabilitative efforts in prison, the Court finds a sentence reduction would neither benefit public safety nor be consistent with the goals of federal sentencing.  Furthermore, the Court finds that the 120-month sentence is supported by several of the other § 3553(a) factors to include, adequate deterrence to criminal conduct, respect for the law, just punishment for the offense, and to protect the public from further criminal conduct.  The 120-month sentence is sufficient, but not greater than necessary to meet the objectives set forth in § 3553(a).

## III.    Conclusion

For the reasons set forth, the Court DENIES any reduction of Defendant's sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821.  Although the Court denies Defendant's request for a sentence reduction pursuant to the § 3553(a) factors, the Court

acknowledges that, giving retroactive effect to Amendment 821, Defendant's criminal history points have reduced from five to three points and his criminal history category has been reduced from category III to category II, resulting in a recommended guideline range of 108 to 120 months.

IT IS SO ORDERED this 23rd day of July, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE